STATE of Utah, Plaintiff and Respondent,

v.

Donald Wayne BUTCHER, Defendant and Appellant.

No. 17915.

Supreme Court of Utah.

June 24, 1982.

David C. Biggs, Salt Lake Legal Defenders Ass'n, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This is an appeal from a jury verdict, convicting defendant of burglary, in violation of U.C.A. 76–6–202(1).

The only issue urged on appeal is the alleged violation of defendant's right to be present and defend in person at his trial,

under Art. I, Sec. 12, Utah Constitution and U.C.A. 77–1–6(1)(a) (1981 Supp.). Defendant was physically present at trial, but contends that he was not sufficiently alert to assist counsel in his own defense. This, he claims, was the result of the administration of an unknown dosage of a tranquilizer drug, Thorazine.

The record indicates that at a pre-trial competency hearing, defendant's counsel approached the trial judge and expressed concern over defendant's disruptive behavior and indicated that he had not received his dosage of Thorazine that morning. The judge later telephoned a doctor at the Utah State Hospital, where defendant was undergoing treatment. The doctor vouched for the defendant's competence to attend and defend himself at trial. The doctor did indicate, however, that if defendant had not had his Thorazine, it might affect his threshold of excitability. The trial court asked the doctor to order the necessary medication, which was administered during the noon hour. The court concluded that defendant was competent to stand trial.

The conclusions of the trial judge and the attending physician as to defendant's competence were amply supported when counsel called the defendant to testify at trial. The defendant admitted an alcohol problem of long-standing, punctuated by a previous burglary conviction and other infractions leading to a number of charges. He insisted on answering incriminating questions about the incident in question by claiming loss of memory resulting from excessive drinking. However, he was lucid as to the time and amount of liquor he had consumed, the places where he had been drinking and his associates, that he had broken a window, and pedalled a bicycle to and from his motel.

The jury apparently had no difficulty with his testimony, and after weighing it with other testimony, including his being found hiding at the scene of the offense, the jury deliberated fifty minutes and found him guilty.

The correctness of principles stated in the authorities cited by defendant are not in question, and they are inapposite, for the reason that there was ample evidence in the instant case to conclude that defendant was competent to appear in person and by counsel, to defend himself. In such event, the verdict and judgment are entitled to approval under the rules of appellate review.

Affirmed.